## City of Louisa v. Bromley et al.

(Decided Dec. 12, 1933.)

724

ELDRED E. ADAMS for appellant.

C. F. SEE, Jr., for appellees.

Opinion of the Court by Chief Justice Rees—Reversing.

The city of Louisa, a city of the fifth class, brought this suit against Telia Bromley and C. B. Bromley to enforce its lien for $1,134.29 on defendants' property abutting upon Water street and Powhatan street for the original construction of these streets ordered under an ordinance adopted in May, 1925. The defendants admitted that they were indebted for the cost of the construction of streets on which their property abutted, but alleged in their answer that the cost of construction of two intersections had been included in the assessment made against their property and that they were not liable for this cost since the city council in December, 1919, had adopted an ordinance providing for the original construction of certain streets at the cost of the abutting property owners and further providing that the cost of construction of street intersections should be paid by the city. Under the ordinance of 1919, Franklin street, which borders appellees' property on the north and intersects Water street, was paved. The circuit court adjudged that the defendants were not liable for the cost of paving the street intersections, and the city has appealed.

When the ordinance of December, 1919, was adopted, section 3643-1 of the Kentucky Statutes, which is a part of the charter of cities of the fifth class, provided that the cost of construction or reconstruction of intersections or crossings of streets should be at the expense of the city. The statute authorized cities of the fifth class to construct or reconstruct streets at the cost of the city or of the owners of land fronting and abutting thereon as the city council might in each case determine. Or the city council was authorized to assess two-thirds of the cost against the owners of the lands fronting and abutting the streets improved and the other third against the city, but the city council was

given no option in assessing the cost of constructing or reconstructing the intersections or crossings of streets. The city, under the statute, was required to pay such costs. This statute was in force when certain streets in the city of Louisa were improved under the ordinance adopted in December, 1919. Section 3643-1 of the Statutes was amended by the Legislature in 1920 by striking out the provision:

"The cost of constructing or re-constructing the intersection or crossing of streets, avenues and highways shall be at the expense of the city."

Acts 1920, c. 134, p. 617. After the amendment of 1920, the city council of a city of the fifth class could provide for the improvement of the intersection of streets at the cost of the city or the owners of the abutting property at its election.

It is appellees' contention that the city, having improved certain streets under the ordinance adopted in 1919, which provided that the cost of improving street intersections should be paid by the city, could not thereafter elect to assess the cost of improving street intersections against the owners of the abutting property. As stated in the agreed statement of facts filed with the record, the sole question presented is:

"Can a city of the fifth class, having improved certain streets under an ordinance adopted and passed in 1919 providing that the city should pay for the intersections, thereafter in 1925 adopt and pass a second street paving ordinance, repealing all prior ordinances, for the original construction of other named streets therein and assess the costs of intersections against abutting property owners?"

The Legislature has seen proper to provide that cities of the third and fourth classes shall adopt uniform provisions in assessing the costs and expenses of improvement of their streets and that such provisions, when adopted, shall not thereafter be changed or repealed except at intervals of ten years or more. Sections 3450 and 3563, Kentucky Statutes. The charter of cities of the fifth class contains no such provision. Prior to the adoption of the 1920 act, the city council of a city of the fifth class could not provide that the owners of abutting property should pay any part of the

cost of improving street intersections and the city council was without authority to make an election. It was given this authority for the first time by the act of 1920.

The first street improvement ordinance adopted by the city of Louisa after the passage of the 1920 act was the ordinance of May, 1925, under which the improvements were made out of which this litigation arises.

It is appellees' contention that, since the city council of Louisa in 1919 adopted the plan of requiring the city to pay the cost of intersections when constructing and reconstructing its streets, the plan then adopted is irrevocable and the city council has no authority to construct its streets under any other plan.

Section 3643-1 of the Statutes, as amended by the Acts of 1920 (chapter 134) provides three plans for constructing and reconstructing streets in cities of the fifth class, any one of which may be adopted by the city council. The streets of the city, including intersections, may be constructed and reconstructed (1) at the expense of the city, (2) at the expense of the abutting property owners, (3) or the city council may order and direct that two-thirds of the expense shall be paid by the abutting property owners and the other one-third paid by the city.

Appellees rely upon the cases of Wickliffe v. City of Greenville, 170 Ky. 528, 186 S. W. 476, and City of Tompkinsville v. Miller, 195 Ky. 143, 241 S. W. 809, in support of their contention that the city council, when it adopted the ordinance of May, 1925, was without authority to depart from the plan adopted in December, 1919, but, as pointed out in Shaver v. Rice, 209 Ky. 467, 273 S. W. 48, neither of those cases, when the facts are analysed, supports that contention. In Shaver v. Rice it appears that the City of Greenville in 1916 constructed the entire system of its streets at the exclusive cost of the city and in 1924 an ordinance was enacted providing for the construction of certain of the city streets at the expense of the abutting property owners under the ten-year bond plan and it was held that the council had authority to depart from the plan theretofore adopted. The plan was changed after a lapse of eight years.

In Bonar v. Town of Southgate, 215 Ky. 133, 284 S. W. 1019, the court, after referring to sections 170 and 171 of the Constitution, which require uniformity of taxation, said:

"Uniformity and equality of taxation are vouchsafed by the constitutional provisions cited, and this court has endeavored to give a practical application to this principle, but it is not essential to uniformity to hold that a plan of street improvement once adopted becomes irrevocable. True, in Tapp v. Johnson, 174 Ky. 532, 192 S. W. 504, in referring to plans for street improvements in cities of the third class, it was said: 'The city may adopt one plan or the other; but, after it has adopted one plan, it must adhere to it until it is changed by the Legislature.'

"In that case it appeared that the act of 1910 [chapter 107] relating to charters of cities of the second class, required the cost of improving street intersections to be paid by the city out of the general expense fund, and it was claimed that the act of 1916, authorizing such cities to either pay for such improvements themselves or to order them paid by the abutting property owners, was discriminatory. The court upheld the act; and, in deciding that the Legislature could authorize a change in plans from the mandatory requirements of the act of 1910, denied the charge of discrimination. The words quoted supra must have been written with the thought of the 1910 act in mind, and have been intended to apply to it, as the act of 1916 [section 3450, Ky. Statutes] specifically requires cities of the third class to adopt a uniform system of such improvement and then authorizes such plan to be changed at intervals of 10 years or more, and it certainly was not the intention of the court to hold that it would require additional legislation to authorize such cities to change their plans after the lapse of 10 years from their adoption. In fixing a distinct period in which the council of a city of the third class may not change the general plan or scheme of street improvement, section 3450 of the Statutes is different from sections 3643-1 and 3706, relating to street improvements in towns of the fifth and sixth classes; the two sections last quoted being substantially similar."

Under section 3643-1 of the Statutes, before it was amended in 1920, the council of a city of the fifth class was not authorized to require abutting property owners to pay any part of the cost of construction of street intersections. The Legislature in 1920 granted to cities of the fifth class the option of paying the costs of street intersections out of the general funds of the city or of requiring the abutting property owners to pay such costs.

The cases of Shaver v. Rice and Bonar v. Town of Southgate, supra, are controlling in the instant case, and we conclude that the chancellor erred in adjudging that the city had no lien on appellees' property for the cost of construction of street intersections. The judgment is reversed with directions to enter a judgment in conformity herewith.